IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JERRY J. MCELROY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV382 |
| | § | |
| OCWEN LOAN SERVICING, LLC, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Motion to Dismiss (Dkt. 5). As set forth below, the Court finds that it should be granted and that Plaintiff's claims should be dismissed for failure to state a claim.

In Plaintiff's Petition for Wrongful Foreclosure – which has not been amended since removal – he names as Defendants Ocwen Loan Servicing, LLC, HSBC Bank USA, National Association, as Trustee for the benefit of Nomura Home Equity Loan, Inc. *See* Dkt. 4. Although it does not specifically identify by heading any causes of action, Plaintiff's petition states that it is "a suit for wrongful foreclosure and a suit to enjoin possession and to prevent a foreclosure sale conducted by Defendant [sic]" for the property located at 1713 Briaroaks Drive, Flower Mound, Texas, 75028 ("the Property"). Dkt. 4 at ¶7. Plaintiff alleges that: (1) the notice of foreclosure sale served upon him was improper; (2) Defendants used fraud and misrepresentations in an attempt to prevent him from entering into a forbearance or loan modification agreement before the scheduled

1

foreclosure sale date; and (3) there is a question regarding the amount owed on the Property. Plaintiff's petition also asserts a request to enjoin a June 3, 2014 foreclosure sale.

Defendants Ocwen Loan Servicing, LLC and HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM1 filed their motion to dismiss on September 18, 2014 (*see* Dkt. 5). Defendants argue that Plaintiff's claims should be dismissed because Plaintiff does not allege that a foreclosure sale ever took place, Plaintiff fails to plead any fraud claim with particularity, and Plaintiff has not alleged how the notices to him were defective. Defendants also seek dismissal of Plaintiff's claims for injunctive relief, arguing that Plaintiff has not shown a likelihood of success on the merits as to his claims.

After Plaintiff failed to timely file a response to the motion, the Court issued an order directing him to file any response in opposition no later than December 1, 2014. *See* Dkt. 8. That deadline was later extended by Court order until February 9, 2015. *See* Dkt. 15. Plaintiff filed a response on February 9, 2015. *See* Dkt. 18. The motion having been on file for more than seven months, the matter is ripe for resolution.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### *Wrongful Foreclosure & Claims Regarding Foreclosure Notices*

Plaintiff's complaint states that it is a suit for wrongful foreclosure and argues that the notices sent to him regarding foreclosure were defective. Defendants argue that Plaintiff cannot state a wrongful foreclosure claim because no foreclosure has occurred. The Court agrees.

3

To make a claim for wrongful foreclosure under Texas law, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales). "The latter two elements need not be shown if the borrower instead establishes that the lender deliberately chilled the bidding at the foreclosure sale." *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013). To recover for a wrongful foreclosure, the party seeking relief must prove an injury. *See, e.g., Port City State Bank v. Leyco Const. Co., Inc.,* 561 S.W.2d 546, 547 (Tex. Civ. App.– Beaumont 1978, no writ); *Bittinger v. Wells Fargo Bank NA*, 2010 WL 3984626, 3 (S.D. Tex. 2010).

"Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery." *Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp.2d 725, 730 (N.D. Tex. 2011). *See also James v. Wells Fargo Bank, N.A.*, 533 Fed. App'x 444, 446 (5th Cir. 2013) ("plaintiffs fail to state a viable claim for wrongful foreclosure because they never lost possession of the Property."). Plaintiff's response to the motion to dismiss concedes that there was no foreclosure sale on the Property but there was "a tremendous amount [sic] damage created by the defendant, stress and pressure created by the defendant heap a [sic] upon" him and his family. Dkt. 18 at 3. Such is not enough to state a wrongful foreclosure claim. Further, because there has been no foreclosure, no claims can be stated regarding defective

notices to Plaintiff.[1]  Such claims are dismissed for failure to state a claim.

*Fraud*

Plaintiff also alleges that Defendants "used fraud and misrepresentations to try to prevent Plaintiff from entering into a satisfactory forbearance agreement and/or loan modification before the scheduled foreclosure sale date."  The Court also agrees with Defendants that this claim should be dismissed.

To assert a claim of fraud under Texas law, a plaintiff must allege that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  Further, to state a claim for fraud in federal court, a plaintiff must state with particularity the circumstances constituting fraud or mistake.  FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type

---

[1] The Court also notes that Plaintiff fails to state how any notices were defective, which is also fatal to his claims.

of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))).

Here, Plaintiff has failed to satisfy the pleadings standards of Rule 9(b) in stating the who, what, when or where of the alleged fraudulent statements by Defendants regarding a forbearance or modification agreement. For this reason alone, the fraud claims are dismissed. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 2015 WL 1020723, 5 (5th Cir. 2015); *Wells v. U.S. Bank Nat. Ass'n*, 587 Fed. App'x 158, 161 (5th Cir. 2014) (affirming finding that a borrower's allegations that oral representations of servicer for lender's assignee that borrower should not make any payments on note secured by deed of trust until second loan modification was approved, and that representative communicated this to her in bad faith, did not state with particularity a claim for common law fraud under Texas law); *James v. Wells Fargo Bank, N.A.*, 533 Fed. App'x 444, 447-48 (5th Cir. 2013) ("The district court held, and we agree, that plaintiffs' claim for fraud fails to meet the strictures of Federal Rule of Civil Procedure 9(b) because plaintiffs do not state the identity of any speaker alleged to have made fraudulent statements, nor do they allege where and when such statements were made."); *Pollett v. Aurora Loan Servs.*, 455 Fed. App'x 413, 415 (5th Cir. 2011) ("Although he alleged that Aurora told him to default on his mortgage so that he would qualify for a loan modification and that it would not foreclose despite the default, he did not allege in the district court when and where Aurora's allegedly fraudulent statements were made."). The Court further notes that, even if they were sufficiently stated, claims based on future conduct - including the

postponement of a foreclosure sale - generally cannot form the basis of any misrepresentation claim and thus do not state a claim for which relief can be granted. *See, e.g., Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013); *James v. Wells Fargo Bank, N.A.*, 533 Fed. App'x 444, 448 (5th Cir. 2013).

<u>Injunctive Relief</u>

Finally, the Court addresses Plaintiff's request for injunctive relief. Because Plaintiff has failed to show a likelihood of success on the merits of his claims, he is not entitled injunctive relief.[2] *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits."). He is also not entitled to any attorney's fee award as he is proceeding *pro se* and has not prevailed herein. Each party shall bear its own costs and fees.

Defendants' Motion to Dismiss (Dkt. 5) is GRANTED, and this matter is dismissed in its entirety for failure to state a claim.

**SO ORDERED.**

**SIGNED this 16th day of May, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[2] As to Plaintiff's allegations that "there is a question regarding the amount owed on the Property," not only has he failed to identify a specific cause of action associated with such an allegation, he has failed to allege any facts with specificity beyond labels and conclusions entitling him to any relief to the extent he asserts it as a separate claim. That allegation cannot form the basis of any claim here.